IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN WAYNE MERRING,          :
                                 :
          Plaintiff,             :          CIVIL NO. 4:09-CV-2128
                                 :
     v.                          :          Hon. John E. Jones III
                                 :
COREY O'BRIEN, *et al.*,         :
                                 :
          Defendants.            :

## MEMORANDUM

January 4, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Plaintiff Benjamin Wayne Merring, an inmate presently confined at the Camp

Hill State Correctional Institution ("SCI-Camp Hill") in Camp Hill, Pennsylvania,

initiated the above *pro se* action by filing a Complaint under 42 U.S.C. § 1983.[1]  (Doc.

1.)  He also has filed a Motion for Leave to proceed *in forma pauperis*.  (Doc. 5.)

Based on the request to proceed *in forma pauperis*, the Complaint is before the

---

[1]Merring labels his Complaint as a "Common Law Complaint" and asserts that he
specifically has not filed his Complaint under any federal statute because he has no evidence and
believes none exists that would place him within the class of persons who could file such a
complaint. (*See* Doc. 1 at 1.) However, he also writes in the caption of his Complaint, "Degradation
of rights reserved and Constitutional violation," and indeed appears to be attempting to assert
violations of his Constitutional rights in the Complaint. (*See id.*) Accordingly, this Court construes
his Complaint as one filed under the provisions of 42 U.S.C. §1983, which provides a method for
vindicating rights conferred by the United States Constitution.  This Court has jurisdiction over
§ 1983 claims under 28 U.S.C. § 1331.

Court for screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's claims will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I.     ALLEGATIONS OF THE COMPLAINT

In his Complaint, filed on November 2, 2009, Merring names the Lackawanna County Commissioners, Prison Board Members, Warden of the Lackawanna County Prison ("LCP"), two Assistant Wardens at LCP, six LCP Correctional Officers, and the Reverend Jackson. (Doc. 1 at 1.) Merring alleges that, on September 29, 2009, he was arrested for alleged probation violations and taken to LCP. (*Id.* at 2, 3.) He claims that, even though he told LCP staff at booking that he was a Christian and wanted a Bible, he was not offered a Bible before he was taken to his cell. (*Id.* at 3.)

The next morning, Merring submitted a request form to Correctional Officer Noldy stating "I am a follower of Christ may I please have a Bible." (*Id.*) Correctional Officer Noldy took the request form to his desk, signed it, and returned the pink copy to Merring. (*Id.*)

On October 6, 2009, Merring was still without a Bible, and so he submitted a second request form to Correctional Officer Walsh. (*Id.*) Walsh took the request form, signed it, and returned the pink copy to Merring. (*Id.*)

The next week, Merring got a new cell mate who had a Bible. (*Id*.) When Merring asked his cell mate where he got the Bible, he told Merring that it had been offered to him at booking. (*Id.* at 3-4.) The cell mate shared his Bible with Merring until he was moved and Merring was again without a Bible. (*Id.* at 4.)

On October 12, 2009, Merring gave a third written request form for a Bible to a John Doe Correctional Officer who signed the form and returned the pink copy to Merring. (*Id.*)

On October 14, 2009, Merring handed a grievance form to Correctional Officer Noldy stating that he was being denied his religious liberty to worship because he was without a Bible despite his submission of three requests for a Bible. (*Id.*) As relief, he requested a Bible. (*Id.*) After reading the grievance, Noldy told Merring that he was not being denied anything, and that if he wanted a Bible, all he had to do was ask. (*Id.* at 4-5.) When Merring reminded Noldy that he previously had submitted a request form to him, Noldy responded, "I never read these." (*Id.* at 5.) Shortly after their exchange, Noldy informed Merring that he had left a message for Reverend Jackson and that Merring should have a Bible before the end of his shift. (*Id.*)

Four days later, Merring still did not have a Bible. (*Id.*) When Correctional Officer Noldy saw Merring in the stairway, he asked him if he had received a Bible,

and Merring said that he had not. (*Id.*) Sometime after lunch, Noldy opened Plaintiff's cell and handed him a Bible. (*Id.*) Even though the Bible was a "Catholic Bible," and Merring is not Catholic, he was still grateful for the Bible and began reading it. (*Id.*)

On October 20, 2009, the Reverend Jackson left a King James Bible at the desk in the Classification Department with a note on it that said "Merring." (*Id.*) One of the block workers brought the Bible to Merring's cell and gave it to him. (*Id.*)

Merring alleges that LCP staff failed to follow the rules and regulations outlined in the LCP Inmate Handbook by failing to timely respond to his grievance. (*Id.* at 6.) He claims that nobody spoke to him about his grievance or followed up to see if he received a Bible or made any effort to determine why it took twenty days for him to get a suitable Bible. (*Id.*) He alleges that his religious convictions are well-known to LCP staff as a result of his previous incarceration, and thus they knew or should have known the importance to him of having a Bible. (*Id.* at 6-7.)

As relief, Merring seeks disciplinary action against the prison staff, meaningful changes in the LCP prison policies, rules, and regulations, actual and punitive damages, and "other just and equitable relief that the Court may award." (*Id.* at 8.)

## II.    STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2)(B) states that, where a plaintiff is granted permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In determining whether a complaint fails to state a claim for purposes of § 1915(e)(2)(B)(ii), a court applies the same standard as that used when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  "However, a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Evancho v. Fischer*, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted).

## III.   DISCUSSION

5

Merring seeks to hold Defendants liable for failing to provide him with a Bible at booking and for failing to timely respond to his requests for a Bible. To the extent he is attempting to assert a claim that Defendants violated his First Amendment right to free exercise of religion, Plaintiff must show that Defendants prevented him from exercising that right without any justification that is reasonably related to a legitimate penological interest. *See Beard v. Banks*, 548 U.S. 521, 528 (2006) (citing *Turner v. Safley*, 482 U.S. 78, 87 (1987)). Merring cannot make that showing because he does not allege that any of the named Defendants denied his request for a Bible. Rather, he alleges that Defendant Noldy admitted that he did not read Merring's initial requests for a Bible, but that after Merring submitted a grievance, Noldy took steps to procure a Bible for him. Merring then was provided with two Bibles. Therefore, Merring fails to state a claim that his right to free exercise of religion was violated.

To the extent Merring is attempting to state a claim against Defendants for failing to follow LCP grievance procedures, inmates do not have a constitutional right to a prison grievance system. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 137-138; *Speight v. Sims,* 238 Fed. Appx. 880, 881 (3d. Cir. 2008) (citing *Massey v. Helman,* 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

Notwithstanding the fact that Merring received the relief he sought in his grievance when he was given two Bibles, his allegation that LCP procedures were not followed in handling his grievance does not support a constitutional claim. *See also Alexander v. Gennarini,* 144 Fed. Appx. 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); *Pryor-El v. Kelly,* 892 F. Supp. 261, 275 (D.D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

For the foregoing reasons, Merring's Complaint will be dismissed. Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). In the instant case, no amendment could cure the defects in Merring's claims, and therefore, dismissal will be with prejudice. An appropriate Order will enter.